UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NALCO COMPANY LLC, a Delaware Limited Liability Company,

Plaintiff,

v. Case No: 2:21-cv-727-JLB-NPM

LAURENCE BONDAY,

Defendant.

---

**ORDER**

Plaintiff Nalco Company LLC ("Nalco") has filed a Time-Sensitive Motion for Temporary Restraining Order, or Alternatively, for Preliminary Injunction. (Doc. 10.) Nalco asks that this Court enjoin Defendant Laurence Bonday from pursuing his claims in the arbitration proceeding styled Laurence Bonday v. Nalco Water, An Ecolab Company, AAA Case No. 01-20-0019-3732 (the "Arbitration"). (Id. at 1.) Nalco believes that Mr. Bonday's claims fall outside the parties' mediation and arbitration agreement. (Id. at 3.) Even so, an evidentiary hearing has been set for November 22, 2021 in the Arbitration and Nalco has been requested to pay a deposit of $2,400 for anticipated arbitrator compensation. (Id. at 1, 4.)

Nalco asserts that it has provided Mr. Bonday notice of its motion by serving him via email. (See id. at 13.) Although Mr. Bonday has yet to respond, the Court finds a response unnecessary because the motion is due to be denied. As the Court will explain, Nalco is not entitled to injunctive relief. Moreover, Nalco's Complaint

(Doc. 1) fails to allege a sufficient basis for the Court's jurisdiction, and it must therefore file an amended pleading. Accordingly, Nalco's motion (Doc. 10) is **DENIED**, and the Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**BACKGROUND**

Mr. Bonday is a former employee of Nalco who filed an Employment Arbitration Rules Demand for Arbitration against Nalco before the American Arbitration Association ("AAA") on December 29, 2020. (Doc. 1 ¶¶ 3, 7.) Nalco is a subsidiary of Ecolab Inc. and uses the Ecolab Severance Plan ("Severance Plan"). (Id. ¶ 9; Doc. 1-1.) Mr. Bonday's arbitration demand claims Nalco owes him payments under the Severance Plan. (Doc. 1 ¶ 8.) Nalco asserts that arbitration between the parties is governed by their Ecolab Mediation and Arbitration Agreement ("Arbitration Agreement"). (See id. ¶ 10; Doc. 1-2.) The Arbitration Agreement "does not include claims related to . . . controversies over awards of benefits or incentives under [Nalco's] . . . employee benefits plans or welfare plans that contain an appeal procedure." (Doc. 1-2 ¶ 2E.) Nor does it "apply to disputes regarding the enforceability, revocability or validity of the [Arbitration Agreement] or any portion of the [Arbitration] Agreement. Such disputes can only be resolved by a court of competent jurisdiction." (Id.)

The Severance Plan includes an "Appeal Review" provision allowing terminated employees like Mr. Bonday to "appeal a determination of his or her eligibility for benefits or the amount of the benefit." (Doc. 1-1 at 9.) Nalco thus maintains that "the dispute raised by [Mr. Bonday] . . . is not arbitrable pursuant to

the [Arbitration Agreement]." (Doc. 1 ¶ 12.) Nalco informed the AAA of its position but the AAA "refused to dismiss the matter." (Id. ¶ 16.) Instead, an evidentiary hearing in the Arbitration will be held on November 22, 2021 (Doc. 10-1 ¶ 8) and the AAA has requested $2,400 in compensation for which Nalco would be liable (id. ¶ 14.)[1] Thus, on October 1, 2021, Nalco filed its Complaint for Declaratory Judgment, seeking an order declaring that Mr. Bonday's claims "are not arbitrable under the [Arbitration] Agreement." (Doc. 1 at 4.) On November 9, Nalco filed this motion seeking injunctive relief. (Doc. 10.)

**DISCUSSION**

**I. Nalco has not shown it will suffer irreparable harm**.

To obtain injunctive relief, a movant must show: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. Long v. Sec'y, Dep't. of Corr., 924 F.3d 1171, 1176 (11th Cir. 2019). Such relief "is an extraordinary and drastic remedy," and Nalco "bears the burden of persuasion to clearly establish all four of these prerequisites." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quotations omitted) (addressing a preliminary injunction).

[1] Attached to Nalco's motion is the Declaration of Chief Compliance Office[r] & Chief Employment Litigation Counsel of Ecolab Inc., Joanne Mullen. (Doc. 10-1.)

Here, the Court assumes without deciding that Nalco has satisfied the first, third, and fourth showing for injunctive relief.[2] Nalco has not, however, shown that it will suffer an irreparable injury absent injunctive relief. Nalco argues that "[i]n the absence of the requested injunction, the arbitrator would move forward with the evidentiary hearing set on November 22, 2021." (Doc. 10 at 7.) Thus, Nalco "would be forced to expend time and resources arbitrating a claim arising out of the [Severance] Plan, which is expressly excluded from the [Arbitration] Agreement." (Id.) Nalco "would also be forced to pay the arbitrator's fee of at least $2,400." (Id.)

"A showing of irreparable injury is the sine qua non of injunctive relief." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (quotation omitted). "Significantly, even if [Nalco] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make . . . injunctive relief improper." Id. (addressing a preliminary injunction). Here, Nalco's own argument betrays any claimed irreparable injury. First, it "filed a formal Motion to Stay Arbitration on November 8, 2021, and awaits a ruling from the arbitrator." (Doc. 10 at 4.) While "the deadlines associated with the arbitration continue to run, and [Nalco] has no indication when the arbitrator will

[2] The Court notes that, under the Norris-LaGuardia Act, 29 U.S.C. § 101, it generally lacks jurisdiction to grant injunctive relief in cases "involving or growing out of a labor dispute." Triangle Constr. & Maint. Corp. v. Our Virgin Islands Lab. Union, 425 F.3d 938, 940 (11th Cir. 2005) (quoting 29 U.S.C. § 101). That is not a concern here because the Court finds that Nalco's request for injunctive relief is due to be denied.

rule on the motion," (id.), it may very well be that the arbitrator will stay the Arbitration. In other words, neither Nalco nor this Court can say for certain whether Nalco will be forced to proceed with Arbitration until its motion to stay is resolved. Likewise, Nalco asserts that although its $2,400 deposit "was due by November 5, 2021," it "has not remitted payment because it did not agree to arbitrate . . . ." (Id. at 4–5 (citing Doc. 10-1 ¶ 14).) So the payment deadline has come and gone, and Nalco has "not remitted payment." For now, it has not lost the $2,400 the AAA has requested.

But even accounting for the potential liability Nalco may face should its motion to stay be denied, this is not the sort of harm that lends itself to injunctive relief. Nalco cites case law supporting the proposition that being compelled to arbitrate issues which are not arbitrable is an irreparable harm in and of itself. (Doc. 10 at 7–8.) However, the Eleventh Circuit has held that the time and expense of "participating in an arbitration proceeding would not constitute irreparable injury." Triangle Constr. & Maint. Corp. v. Our Virgin Islands Lab. Union, 425 F.3d 938, 947 (11th Cir. 2005); Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1112 n.20 (11th Cir. 2004) ("Even if the defendants were permitted to proceed with arbitrating nonarbitrable claims, it is unclear how the plaintiffs would suffer any injury at all, much less irreparable injury."). Last, Nalco would have an adequate remedy at law for any arbitration award that may be entered against it if the claims were in fact outside the scope of the Arbitration Agreement. Namely, "under those circumstances, a district court could vacate the arbitration award (or

refuse to enforce it) based on the arbitrators' manifest disregard of the law." See Klay, 376 F.3d at 1108–1109 (internal quotation marks omitted).

For these reasons, Nalco has not shown an irreparable harm associated with the Arbitration. Its request for injunctive relief is thus denied.

## II. Nalco must amend its pleading to allege a basis for the Court's jurisdiction.

Federal Rule of Civil Procedure 8(a)(1) requires that a complaint include a "short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." "The Declaratory Judgment Act, 28 U.S.C. § 2201," however, "does not confer jurisdiction upon a federal court." Goodin v. Fidelity Nat'l Title Ins. Co., 491 F. App'x 139, 143 (11th Cir. 2012) (citing Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989)). Rather, the Declaratory Judgment Act "also requires that the plaintiff allege facts showing that the controversy is within the court's original jurisdiction." Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003) (discussing 28 U.S.C. § 2201(a)).

Here, Nalco's Complaint lacks a sufficient basis to invoke this Court's jurisdiction. (See Doc. 1 ¶ 4.) The Complaint contains no causes of action or formal counts. Instead, Nalco simply alleges this Court's purported jurisdiction exclusively pursuant to the Declaratory Judgment Act. (See id. ¶ 21.) But Nalco may not rely on the Declaratory Judgment Act by itself for jurisdiction. Cf. Household Bank, 320 F.3d at 1257; Vaden v. Discover Bank, 556 U.S. 49, 65–66 & 54 n.1 (2009).

Accordingly, it is **ORDERED**:

1. Nalco's Time-Sensitive Motion for Temporary Restraining Order, or Alternatively, for Preliminary Injunction (Doc. 10) is **DENIED**.

2. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. Nalco may file an amended pleading consistent with this Order **on or before December 3, 2021**.

**ORDERED** at Fort Myers, Florida, on November 12, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE